LEE, P.J.,
 

 for the Court:
 

 PROCEDURAL HISTORY
 

 ¶ 1. Lavon
 
 [1]
 
 Yankton was convicted by a jury in the Forrest County Circuit Court of aggravated domestic violence. The trial court sentenced Yankton to serve twenty years in the custody of the Mississippi Department of Corrections. Yankton filed post-trial motions, which were subsequently denied. Yankton now appeals, asserting that the trial court erred in allowing evidence of prior bad acts. Finding no error, we affirm.
 

 FACTS
 

 ¶2. On September 26, 2007, Cynthia Yankton was at the apartment she shared with her husband, Yankton, and children in Hattiesburg, Mississippi, when Yankton attacked her. According to Cynthia, Yankton had recently lost some of their money gambling. Cynthia testified that she became angry and stayed with a friend for two days. Cynthia believed Yankton was angry with her for staying away for two days. Cynthia testified that Yankton grabbed her by the hair, threw her down, and began to kick her. Yankton then picked up a chain and struck her several times with it. Cynthia stated that Yank-ton also struck her in the head with the blunt side of a hatchet. Yankton also held the hatchet to her neck, which caused a laceration across her throat. According to Cynthia, Yankton forced her to disrobe and lie next to him on the bed. Yankton placed her in handcuffs and proceeded to fall asleep. Cynthia was able to call the police. Photographs of Cynthia’s numerous injuries were admitted into evidence.
 

 
 *255
 
 DISCUSSION
 

 ¶ 3. In his only issue on appeal, Yankton argues that the trial court erred in allowing evidence of prior bad acts. Specifically, Yankton asserts that it was error to admit Cynthia’s testimony that Yankton had previously assaulted her. The standard of review concerning the admission or exclusion of evidence is abuse of discretion.
 
 Liddell v. State,
 
 33 So.3d 524, 529 (¶ 12) (Miss.Ct.App.2010).
 

 ¶ 4. During Cynthia’s testimony on direct examination, the State asked her whether Yankton had ever hit her. Yank-ton’s counsel’s objection as to “possible prior bad acts” was overruled. However, Cynthia responded that Yankton had never hit her, only intimidated her. Later during direct examination, Cynthia testified that she was scared of Yankton “because in the past he did hurt me” and she knew “what he was capable of doing.” When the State tried to ask her how Yank-ton had hurt her, Yankton’s counsel objected. The trial court instructed the State to move along and concentrate on the crime for which Yankton was being tried. The jury never heard during Cynthia’s testimony on direct examination how Yankton had hurt her.
 

 ¶ 5. On cross-examination, Cynthia was asked about prior instances of domestic abuse and why she was frightened of Yankton. Cynthia testified that Yankton had hit her in the past. On redirect, the State elicited testimony from Cynthia about an incident where Yankton forced her into the trunk of a car and then assaulted her. Yankton’s counsel objected twice, and the trial court instructed the State to move along.
 

 ¶ 6. It is clear that Yankton’s counsel opened the door to the issue of prior instances of domestic abuse. On redirect, the State was then allowed to question Yankton about a previous instance of domestic abuse.
 
 See Martin v. State,
 
 970 So.2d 723, 725-26 (¶ 11) (Miss.2007). Furthermore, the burden was on Yankton to request a balancing test pursuant to Rule 403 of the Mississippi Rules of Evidence to determine whether this evidence should have been excluded.
 
 See McLaurin v. State,
 
 31 So.3d. 1263, 1269-70 (¶¶30-31) (Miss.Ct.App.2009). This issue is without merit.
 

 ¶ 7. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED DOMESTIC VIOLENCE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Throughout the record Yankton’s first name is alternately spelled Lavon and Lavan. For consistency, we will use Lavon.